IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. CR S-02-0491 WBS KJM P

    vs.

DEE LAIL,

    Movant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Movant is a federal prisoner proceeding with a motion under 28 U.S.C. § 2255. Respondent has filed a motion to dismiss, arguing that this action is time-barred.

        The statute of limitations applicable to this action reads as follows:

> A 1-year period of limitation shall apply to motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

1         (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

        Movant pled guilty on November 27, 2002, and was sentenced on March 5, 2003. An order of judgment and commitment was filed March 12, 2003. Movant's conviction became final for purposes of the statute of limitations on March 22, 2003 because he did not appeal his conviction or sentence. See United States v. Schwartz, 274 F.3d 1220, 1223-24 & n.1 (9th Cir. 2001). This action was not filed until September 7, 2004.

        Movant suggests that the limitations period in this action did not begin to run until the U.S. Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004) as, in Blakely, the Supreme Court recognized the right upon which movant's motion is based. However, Blakely has been held to be inapplicable to cases on collateral review at the time Blakely was decided. See Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).

        In light of the foregoing, the one-year limitations period applicable to this action began to run on March 22, 2003 and ran out well before this action was filed. The court will recommend that respondent's motion to dismiss be granted on this ground, and thus declines to reach the other arguments raised therein.

        Accordingly, IT IS HEREBY RECOMMENDED that:

    1. Respondent's July 12, 2005 motion to dismiss be granted;

    2. This case be closed; and

    3 The clerk of the court be directed to close the companion civil case No. CIV-S-04-1683 WBS KJM P.

/////

/////

/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time waives the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1
lail0491.257